UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OHIO AND VICINITY REGIONAL,** ) | Case No. 1:06CV1871 |
| **COUNCIL OF CARPENTERS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| ) | |
| **G.E. MAIER CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM OF OPINION** |

## I. BACKGROUND

Plaintiff Ohio and Vicinity Regional Council of Carpenters (the "Council"), a union, and defendant G.E. Maier Company ("G.E.") are parties to various collective bargaining agreements (the "Agreements"). The Agreements cover four different geographic regions throughout the state of Ohio and some neighboring counties in Kentucky and West Virginia. All of the Agreements contain grievance and arbitration procedures, albeit different ones.

The remaining plaintiffs are various multi-employer, joint labor-management fringe benefit funds, often referred to as "Taft-Hartley Funds" (collectively "the Funds").[1] The Funds

---

[1] The remaining plaintiffs consist of the Boards of Trustees of the following entities: Ohio Carpenters' Pension Fund, Cleveland and Vicinity Carpenters' Hospitalization Fund, Northeast Ohio Joint Apprenticeship and Training Program Trust, Cleveland and Vicinity District Council Vacation Savings Plan, Ohio Carpenters Annuity Fund, Northwest Ohio Carpenters Supplemental Pension Fund, Ohio Carpenters Health & Welfare Fund, Northwest Ohio Joint Apprenticeship Fund, South Central Ohio Joint Apprenticeship Training Committee, Southwest Ohio Joint Apprenticeship Training Committee, Southwest Ohio Regional Council of Carpenters Pension Fund, Southwest Ohio Regional Council of Carpenters Health and Welfare Fund and Southwest Ohio Regional Council of Carpenters Annuity Fund.

are managed by boards of trustees comprised of equal numbers of trustees appointed respectively by the Council and the various contractor associations with whom the Council negotiates area wide collective bargaining agreements. Plaintiffs allege that pursuant tho the Agreements, signatory employers such as G.E. are required to remit fringe benefit contributions to various Funds for every hour of work performed that is covered by the respective Agreements.

According to plaintiffs, defendants G.E., Gemco Installations, Inc. ("Gemco Installations"), and Gemco Products and Services, Inc. ("Gemco Products"), have common ownership, common control over labor relations, common management, common officers and directors, a common business purpose, and they operate out of the same location.

According to plaintiffs, neither Gemco Products nor Gemco Installations (referred to jointly as "Gemco"), has ever executed a collective bargaining agreement with the Council. Plaintiffs allege that Gemco has not been acting in accordance with the Agreements vis-a-vis employing only union members, paying the required wages, and fringe benefits, etc.

## II. STANDARD OF REVIEW

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (quoting *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it

is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted).

### III. LEGAL ANALYSIS

**A.     G.E. Maier Co., et al.'s motion to dismiss is granted with respect to the Council's claims asserted against G.E. because Council failed to exhaust contractual remedies; however, the motion is denied with respect to claims asserted against Gemco because it is uncertain at this time whether Gemco is bound by such agreements containing those contractual remedies.**

G.E. Maier Co., et al. argues that the failure to exhaust contractual remedies under the collective bargaining agreement and various other agreements is fatal to the claims of both the Council and the Funds. Section 301 of the LMRA allows a union to file suit in federal court for a violation of a collective bargaining agreement. Indeed, a union or its members must generally exhaust all contract grievance procedures agreed upon in the collective bargaining agreement before filing a lawsuit. *Republic Steel Corp v. Maddox*, 379 U.S. 650, 652-53 (1965). In the instant case, the Council and G.E. are parties to various collective bargaining agreements, which all contain grievance and arbitration procedures. Nowhere in their original complaint does the Council plead or give notice to the exhaustion of either grievance or arbitration remedies, nor does the Council in its reply memorandum dispute such failure. As such, the Council's claims with regard to G.E. are dismissed for failure to state a claim upon which relief may be granted; nevertheless, the Council's claims against Gemco do not warrant such a finding.

Unlike the Council's claims against G.E., the Council's claims against Gemco cannot be dismissed for failing to exhaust contractual remedies. The plaintiffs allege that Gemco is an alter ego of G.E., which effectively binds Gemco to the agreements at issue. Consequently, the

plaintiffs are asking for a declaratory judgment on whether Gemco is bound by the agreements on the basis of the alter ego theory. (Doc. No. 1-1, p. 19). In response, G.E. denies that Gemco is subject to the agreements. To summarize, the parties dispute whether Gemco is subject to the various collective bargaining agreements.

A district court has jurisdiction to "consider whether a non-signatory business may be bound by a collective-bargaining agreement as the alter ego of a signatory." *Laborers Pension Trust Fund v. Standard Machine & Equipment Co.*, 862 F.2d 316 (6th Cir. 1988). Parties who are not bound by a collective bargaining agreement should not be obligated to arbitrate a dispute. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 547 (1964). As a result, this court cannot dismiss the Council's claims with regard to Gemco on the basis of failing to exhaust procedural remedies until it makes a declaratory judgment on whether Gemco is the alter ego of G.E., thereby binding it to the various collective bargaining agreements. Therefore, until a determination is made on whether Gemco is bound by the agreement, dismissal for failure to exhaust contractual remedies under such agreement with regard to Gemco would be unwarranted. Further, such a decision would be premature at this time.

**B.     G.E. Maier Co., et al.'s motion to dismiss is denied with regard to the Funds' claims because the Funds are not required to exhaust contractual remedies.**

While a presumption of arbitrability exits between parties to a collective bargaining agreement (i.e. union and employer), that presumption is not applicable to parties outside such an agreement. *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370-372 (1984) (stating that the presumption of arbitrability is not applicable in determining whether parties agreed to require arbitration of disputes between trustees of employee-benefit funds and employers). In the instant case, the Funds are employee benefit funds, which compromise eleven

of the twelve plaintiffs; G.E.Maier Co., et al. fails to make this distinction. Accordingly, because the requirement that contractual remedies be exhausted prior to filing suit has no applicability to the Funds in this case, the court denies G.E. Maier Co., et al.'s motion to dismiss with regard to the Funds.

**C. The plaintiffs have met the minimum notice pleading requirement of Fed.R.Civ.P.8(a).**

G.E. Maier Co., et al. further contends that the plaintiffs have failed to meet the minimum notice requirement of Fed.R.Civ.P.8(a). Specifically, G.E. Maier Co., et al. points to ¶¶49-65 of the plaintiffs' complaint (Doc. No. 5, p.5) alleging that they have not provided any direct or inferential facts placing them on notice of the conduct constituting such breach. This assertion, however, is without merit. Fed.R.Civ.P. 8(a) provides that a pleading only contain a "short and plain statement of a claim showing the pleader is entitled to relief." It operates to provide the defendant with "fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In the case at hand, the plaintiffs have done just that. The plaintiffs have alleged a claim upon which relief can be granted. Specifically, the plaintiffs have alleged a contract, a breach, and resulting damages incurred as a result of such breach by G.E.Maier Co., et al.. (Doc. No. 1-1). Moreover, contrary to G.E. Maier Co., et al.'s contention, the defendants were placed on fair notice of the conduct constituting the breach in count one of the plaintiffs' complaint by reference to ¶36, where the contractual obligations of G.E. are clearly described. According to the plaintiffs, G.E. was obligated to:

> Perform work covered by the CBAs by employing union members to perform the work and/or subcontracting the work to other entities signatory to the applicable CBA; pay the applicable wage and shift-work rates set forth in the CBA; make monthly contributions to the applicable Funds; deduct and remit membership dues; and fulfill all other obligations set forth in the CBAs.

(Doc. No. 1-1, ¶36).  Following this, the plaintiffs allege at ¶46 that G.E. "failed to fulfill" such obligations.  These pleadings sufficiently place G.E. Maier Co., et al. on "fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests."  *Conley,* 355 U.S. at 47.  It would therefore be inappropriate to grant G.E. Maier Co., et al.'s motion to dismiss on the basis that the plaintiffs have not met the notice pleading requirements.

## IV.  CONCLUSION

For the reasons stated above, G.E. Maier Co., et al.'s motion to dismiss is granted in part and denied in part.  The motion is granted with respect to the Council's claims asserted against G.E.; however, the motion is denied with respect to claims asserted against Gemco.  Furthermore, the motion is denied with respect to the Funds' claims.

IT IS SO ORDERED.

                                                      /s/ Ann Aldrich
                                       UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2007